```
                                                              FILED
         UNITED STATES DISTRICT COURT                       SEP 2 2 2005
          FOR THE DISTRICT OF COLUMBIA
                                                   NANCY MAYER WHITTINGTON, CLERK
                                                         U.S. DISTRICT COURT
```

Betty Ann Newby,                          )
                                          )
      Plaintiff,                     )
                                          )
      v.                             )   Civil Action No.   **05 1877**
                                          )
President George Bush, et al.,            )
                                          )
      Defendants.                    )


## MEMORANDUM

This action, filed *pro se*, is before the Court on plaintiff's motion for a temporary restraining order, which is accompanied with her complaint and application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, deny the TRO motion and, pursuant to 28 U.S.C. § 1915(e((2), dismiss the complaint.[1]

A temporary restraining order may be granted only if:

> it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition.

Fed. R. Civ. P. 65(b)(1). Plaintiff, a Washington, D.C. resident, sues President George Bush, Judge John Roberts, the United States Senate Judiciary Committee, and each committee member. She seeks "to enjoin further proceedings in the confirmation hearing" of Supreme Court Justice nominee John Roberts. TRO Motion at 1. The complaint reveals no claim against President Bush and Judge Roberts, and members of Congress are absolutely immune from lawsuits, such as this one, arising from the performance of their official duties. *Dombrowski v. Eastland*, 387

---

[1] The district court is required to dismiss a complaint against a governmental entity or officer as soon as feasible if the complaint, among other grounds, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief..

U.S. 82, 85 (1967); accord *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting *Doe v. McMillan*, 412 U.S. 306, 312-13 (1973)) (the Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, confers on Members of Congress immunity for all actions "within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes"). Plaintiff has provided no basis for the issuance of a TRO or the granting of any other relief. A separate Order of dismissal accompanies this Memorandum.

_____
United States District Judge

Date: 9/22/05